

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

<i>The Silvio J. Mollo Building</i><br>
<i>One Saint Andrew's Plaza</i><br>
<i>New York, New York 10007</i>

June 13, 2019

**MEMO ENDORSED**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/14/2019
```

**BY FACSIMILE**

Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street – Room 1910
New York, New York 10007

    Re:    *United States v. Raymundo Leal, et al.*, 17 Cr. 596 (GBD)

Dear Judge Cote:

    The Government respectfully submits this letter to request that the Court stay the release order pertaining to defendant Raymundo Leal that was issued by a magistrate judge in the Southern District of California on June 12, 2019. The Government requests that the release order be stayed until such time as the defendant is transferred to this district, pursuant to Rule 5(c)(3), so that the parties can be heard on a date and time set by the Court with jurisdiction over the underlying matter.

    On August 29, 2017, Leal and codefendant, Tony McClam, were charged in a complaint (the "Complaint") signed by Magistrate Judge Kevin Nathaniel Fox of the Southern District of New York, with conspiracy to distribute at least five kilograms of cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A). A copy of the Complaint, which provides factual background underlying the charges in this case, is attached hereto as Exhibit A. Arrest warrants for both Leal and McClam were issued based on the charges in the Complaint. McClam was arrested in Manhattan the following day. Since that time efforts to locate and arrest Leal have proven unsuccessful.

    On September 28, 2017, a grand jury in this district returned an Indictment (the "Indictment") charging Leal and McClam with the same offense charged in the Complaint. A copy of the Indictment is attached hereto as Exhibit B. Leal has been actively sought by the United States Marshals Service since September 2017. On May 16, 2019, Leal walked into the United States consulate in Tijuana, Mexico asking consular officials for assistance in obtaining identification that he purported to have lost. When consular officials became aware of the outstanding warrant for Leal's arrest they notified consular security officers. As the security officers approached Leal, he ran out of the consular building on foot.

    On June 8, 2019, Leal was arrested at a border crossing in Tijuana, Mexico attempting to enter the United States. Leal was presented before Magistrate Judge Andrew G. Schopler of the Southern District of California on June 10, 2019. Magistrate Judge Miller thereafter scheduled a detention hearing for June 12, 2019. *See United States v. Raymundo Leal*, 19 Mag. 2421 (AGS),

(S.D.Ca.). Magistrate Judge Schopler ordered that Leal be released on bail (the "Release Order"). At the request of the Government, Magistrate Judge Schopler stayed the Release Order until Friday, June 14, 2019 at 12:00 p.m. to enable the Government to seek a further stay of the Release Order from this Court until the defendant is transferred to the Southern District of New York, as the Government now does by way of this letter.

As noted, the Government seeks a stay of the Release Order until such time as the defendant is transferred to this district pursuant to Rule 5(c)(3). This Court, as "the court having original jurisdiction over the offense," has jurisdiction over the Government's motion for revocation of the Release Order. *See* 18 U.S.C. § 3145(a)(1); *United States* v. *El-Edwy*, 272 F.3d 149, 153 (2d Cir. 2001) (holding that, for purposes of a motion under § 3145(a) for revocation of a release order issued by a magistrate judge in another district where the defendant was arrested, "the court having original jurisdiction over the offense" is "the district in which the prosecution of the offense is pending," and noting that "[w]ith respect to the decision whether to detain or conditionally release the defendant, . . . section 3145(a) makes clear that the ultimate authority lies with the district that has the primary interest in the question – the district in which the prosecution is pending"); *see also, e.g., United States* v. *Dominguez*, 509 F. App'x 28, 29-30 (2d Cir. 2013) (affirming revocation, by a district court in this District, of an order issued by a magistrate judge in the Southern District of Florida releasing a defendant who had been indicted on narcotics-related charges in this District).

The Government intends to make an application seeking the revocation of the defendant's bail upon his return to this district. Accordingly, in light of the foregoing, the Government respectfully requests that the Release Order be stayed pending the defendant's transfer to this district, so that this Court can hear from the parties regarding the Government's application.

          Respectfully submitted,

          GEOFFREY S. BERMAN
          United States Attorney for the
          Southern District of New York

By: _____
          Dominic A. Gentile
          Assistant United States Attorney
          (212) 637-2567

Cc:    Roxanna Sandoval, Esq.
       Attorney for Raymundo Leal in the Southern District of California (By Email)

*[Handwritten note:]* The June 12, 2019 release order for Raymundo Leal is stayed pending his arrival in the Southern District of New York, and without prejudice to his application for bail following his transfer to and arrival in this district. /s/ Denise Cote, June 13, 2019, 6:00 p.m.